IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 3:12-cr-00143 |
| ) | Senior Judge Haynes |
| GARY EUGENE PITTS, JR. ) | |

**ORDER**

Before the Court is Defendant Gary Pitts' letter to the Court regarding jail credits. (Docket Entry No. 41).

As a matter of law, the Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 329, 335-36 (1992). "[T]he district court cannot determine the amount of the [jail time] credit at sentencing." Id. at 335. Under 18 U.S.C. § 3585(b), Defendant must first exhaust his administrative remedies within the Bureau of Prisons, which has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16. Id. Once Defendant exhausts his administrative remedies, any further challenge to any computation of a jail credit must be filed under 28 U.S.C. § 2241 in the district where Defendant is incarcerated. See Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). Accordingly, since Defendant is incarcerated in Atlanta, Georgia, Defendant should file any further challenge to jail credit with the United States District Court in the Northern District of Georgia. The Clerk's Office shall forward Defendant's letter (Docket Entry No. 41) to the facility at which Defendant is incarcerated.

It is so **ORDERED**.

ENTERED this the ___ day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Court